

**Jon M. Egan**, OSB 002467
Jegan@eganlegalteam.com
**Jon M. Egan, PC**
240 Sixth Street
Lake Oswego, OR 97034-2931
Telephone: (503) 697-3427
Fax: (866) 311-5629
Attorney for Plaintiff

FILED'09 JUN 18 11:52USDC-ORP

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **SELENA JONES**, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br>**COLUMBIA HELICOPTERS, INC.**, an Oregon corporation,<br><br>　　　　　　　　　　Defendant. | Case No. **CV '09   691   PK**<br><br>COLLECTIVE AND CLASS ALLEGATION COMPLAINT<br><br>(FEDERAL AND STATE WAGE CLAIMS) |

**COMPLAINT—COLLECTIVE AND CLASS ACTION**

Selena Jones ("Plaintiff"), suing on behalf of herself and all others similarly situated, complains as follows against Columbia Helicopters, Inc. ("CHI").

**Collective and Class Allegation Complaint**　　　　　　　　　　　　　　　　　　　　Page 1

## PRELIMINARY STATEMENT

1.

This is an action under state and federal wage and hour laws for current and former employees of CHI to recover unpaid wages and civil penalties (and pre- and post-judgment interest thereon), as well as liquidated damages and injunctive relief.

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over the subject matter of this complaint pursuant to 29 U.S.C. § 216(b) (Fair Labor Standards Act ("FLSA")), 28 U.S.C. § 1331 (Federal Question), and 28 U.S.C. § 1337 (Actions arising under acts of Congress relating to commerce).

3.

This Court has supplemental jurisdiction over the state law claims set forth in this complaint pursuant to 28 U.S.C. § 1367. Both the federal and state claims alleged herein arose from a common nucleus of operative facts. The state actions are so related to the federal claims that they form part of the same controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

4.

Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b)(ii)

because CHI transacted business in this district, Plaintiff was employed by CHI in this district, and acts and omissions that are the subject of this suit transpired in this district.

## PARTIES

5.

Plaintiff was and is a resident and citizen of the State of Oregon. At all material times, Plaintiff and Collective and Class members were employees of CHI.

6.

Defendant CHI is an Oregon corporation doing business in Oregon, with its Registered Agent in Oregon.

## COMMON FACTS

7.

On multiple occasions, Plaintiff worked more than 40 hours in a single workweek, but not more than 80 hours in the two-week pay period.

8.

On these occasions, Plaintiff did not receive overtime pay for the week in which she worked overtime.

9.

Based on the information available to her and her good-faith belief,

Plaintiff alleges that this failure to pay overtime for weeks in which overtime was worked, when the total number of hours worked in the biweekly pay period was less than 80, was a company-wide policy.

## COLLECTIVE AND CLASS ALLEGATIONS

Throughout the applicable statutory limitations periods, CHI engaged in acts and practices that violated the Collective and Class members' rights under the FLSA and state wage laws.

10.

This action is brought on behalf of one FLSA Collective and two Fed.R.Civ.P. 23 Classes:

a. The FLSA Collective consists of all employees of CHI from three years prior to the filing of this Complaint through the present. Plaintiff alleges that she and the other Collective members received less than one and one half times their regular rate of pay for hours worked in excess of 40 in a given workweek, when those wages were due. This FLSA Collective is brought for violations of § 7 of the FLSA ("FLSA Overtime Collective").

b. Class A consists of all hourly employees of CHI from three years prior to the filing of this Complaint through the present. Plaintiff alleges that she and the other Class A members received less than one and one half times their regular rate of pay for hours worked in excess of 40 in a given workweek, when those wages were due. Class A is brought for violations of

O.R.S. 653.261 ("Oregon Overtime Class").

c. Class B consists of all hourly employees of CHI from three years prior to the filing of this Complaint through the present. Plaintiff alleges that she and the other Class B members were not paid all moneys due to them within the statutorily required time upon termination of their employment. Class B is brought for violation of O.R.S. 652.140 ("Oregon Late Pay Class").

## SIMILAR SITUATION

11.

Plaintiff and the other Collective members are similarly situated in all relevant respects.

## NUMEROSITY

12.

Plaintiff alleges, on information and belief, that each of the above Classes is so numerous that joinder of all members is impractical, consisting of in excess of 40 persons each and possibly more, depending on rate of turnover.

## COMMONALITY

13.

There are questions of law and fact common to each Class, which

predominate over any issues involving only individual Class members. The principal questions are:

    a. For the Oregon Overtime Class, whether CHI's above-enumerated overtime policy violates Oregon law, whether CHI underpaid its employees' wages such as to fall below the required overtime wage rate, and whether such violation was willful.

    b. For the Oregon Late Pay Class, whether CHI's policy regarding wage payment upon termination violates Oregon law, whether CHI failed to pay its employees all wages when due upon termination of employment, and whether such violation was willful.

    c. For all Classes, what remedies are available for the alleged violations.

## TYPICALITY

14.

Plaintiff's claims are typical of those of the other Class members because:

a. Plaintiff is a member of each Class.

b. Plaintiff's claims stem from the same practice or course of conduct that forms the basis for the Class claims.

c. All of the Class members' claims are based on the same facts and legal theories.

d. There is no antagonism between the interests of Plaintiff and Class members, because their claims are for damages provided to each Class

member by statute.

e. The injuries that Plaintiff suffered are similar to the injuries that the Class members have suffered, and they are relatively small compared to the expense and burden of individual prosecutions of this litigation.

f. The prosecution of separate actions by the Class members could either result in inconsistent adjudications establishing incompatible pay practices or, as a practical matter, dispose of the legal claims of Class members who are not parties to such separate adjudications.

## ADEQUACY OF REPRESENTATION BY PLAINTIFF

15.

Plaintiff will fairly and adequately protect the interests of the Classes because:

a. There is no conflict between Plaintiff's claims and those of the other Class members.

b. Plaintiff has retained counsel experienced in handling actions involving wage and hour and class actions, who will vigorously prosecute this litigation.

c. Plaintiff's claims are typical of the claims of Class members in that her claims stem from the same practice and course of conduct that forms the basis of the Class claims.

## FIRST CLAIM FOR RELIEF

(FLSA Overtime Collective Action)

16.

All previous paragraphs are incorporated by reference herein.

17.

Pursuant to 29 U.S.C. § 207, CHI was required to pay Plaintiff and FLSA Overtime Collective members at least one and one half times their regular rate of pay for all hours worked in excess of 40 in a given workweek, when those wages were due, but willfully failed to do so.

18.

Plaintiff and FLSA Overtime Collective members are entitled to collect the difference between their wages received when due and the overtime wages due, over the past three years, in an amount to be proved at trial, in addition to liquidated damages in the same amount, together with attorney fees and costs.

## SECOND CLAIM FOR RELIEF

(Oregon Overtime Class Claim)

19.

All previous paragraphs are incorporated by reference herein.

20.

Pursuant to O.R.S. 653.261, CHI was required to pay Plaintiff and the Oregon Overtime Class members one and one half times their regular rate of pay

for all hours worked in excess of 40 in a given workweek, when those wages were due, but willfully failed to do so.

21.

Plaintiff and the Oregon Overtime Class members are entitled to collect the difference between the wages received when due and the overtime wages due, over the past three years, in an amount to be proved at trial, in addition to 30 days of penalty wages, together with attorney fees and costs, as well as pre- and post-judgment interest.

### THIRD CLAIM FOR RELIEF

(Oregon Late Pay Class Claim)

22.

All previous paragraphs are incorporated by reference herein.

23.

Pursuant to O.R.S. 652.140, CHI was required to pay Plaintiff and Oregon Late Pay Class members all wages due immediately upon termination of employment but willfully failed to do so.

24.

Plaintiff and Oregon Late Pay Class members are entitled to collect all wages remaining due, in an amount to be proved at trial, in addition to 30 days of penalty wages, together with attorney fees and costs, as well as pre- and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that the Court award such damages as set forth above and in amounts to be proved at trial; award the attorney fees and costs of Plaintiff and the other Collective and Class members; order Defendant to pay pre-judgment and post-judgment interest on all amounts due to Plaintiff and Class members as a result of their state law claims; enter an order enjoining Defendant from committing similar violations in future; and order such further or alternative relief as the Court deems appropriate.

DATED this 18th day of June, 2009

JON M. EGAN, P.C.

_____
JON M. EGAN
OSB # 002467
(503) 697-3427
Attorney for Plaintiff